# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENNY SARDIN                                                                                                      PETITIONER

VS.                                 5:17-CV-00178-DPM-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                             RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr.. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Kenny Sardin ("Sardin"). *ECF No. 1*. Before addressing Sardin's habeas claims, the Court will review the procedural history of the case in state court.

1

On July 20, 2015, Sardin appeared in Washington County Circuit Court and entered a negotiated guilty plea to the crimes of criminal conspiracy to traffic a controlled substance, possession of drug paraphernalia, possession with purpose to deliver a controlled substance (marijuana), and failure to appear. He was sentenced to 180 months' imprisonment. *ECF No. 9-11, 9-12*. Because his guilty plea was not conditional, Sardin waived his right to a direct appeal of his conviction.[1] Sardin made no effort to appeal his sentence.

Sardin failed to seek timely post-conviction relief in state court.[2] *See* Ark. R. Crim. P. 37.2(c)(1) (following a guilty plea, Rule 37 motions must be filed within 90 days of the entry of judgment).

---

[1] *See* Ark. R. App. P.-Crim. 1(a) ("Except as provided by ARCrP 24.3(b) there shall be no appeal from a plea of guilty or nolo contendere.'); Ark. R. Crim. P. 24.3(b) (2011) (with the court's approval and the prosecutor's consent, "a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment" to review adverse determinations of pretrial motions: (1) to suppress seized evidence or a custodial statement; (2) to dismiss a charge as untimely; or (3) challenging the constitutionality of the criminal statute at issue.

[2] On June 29, 2017, almost two years after his plea and sentence, Sardin filed a Motion to Vacate Judgment and Plea in the trial court. Sardin alleged that as to the criminal conspiracy drug trafficking charge, "the assumptions that led him to entering his guilty plea were not only erroneous, but were seriously misleading" by his attorney and the prosecution attorney in Washington County, Arkansas. *ECF No. 9-13*. On July 11, 2017, the trial court denied Sardin's Motion for failure to state facts upon which relief could be granted. *Doc. 9-14*. A review of the publicly available trial court docket shows that, on July 27, 2017, Sardin filed a Motion for Relief, contending that his imprisonment was unconstitutional. On August 2, 2017, the trial court denied Sardin's Motion for Relief, finding that it was an untimely and deficient Rule 37 Petition. Sardin did not appeal either trial court ruling.

On June 12, 2017, Sardin initiated this *pro se* habeas action.³ *ECF No. 1.* His habeas Petition alleges that his conviction was based on: (1) evidence seized pursuant to an unconstitutional search and seizure; (2) evidence obtained pursuant to an unlawful arrest; (3) ineffective assistance of counsel because the Order allowing his appointed counsel to withdraw was not signed by the judge or filed of record; (4) evidence that was the fruit of the poisonous tree; and (5) a coerced confession.

Respondent argues that Sardin's habeas Petition should be dismissed because: (1) all of his claims are time-barred; (2) all of his claims are procedurally defaulted; and (3) claims 1, 2 and 4 are barred because, by pleading guilty, Sardin waived any claim of constitutional error that preceded his guilty plea. *ECF No. 9.* Sardin has now filed a Reply. *ECF No. 11.* Thus, the issues are joined and ready for disposition.

For the reasons discussed below, the Court concludes that Sardin's habeas Petition is untimely and recommends that it be dismissed.⁴

---

³ Although the Clerk of Court received and file-stamped Petitioner's habeas Petition on July 3, 2017, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Ford v. Bowersox,* 178 F.3d 522, 523 (8th Cir.1999); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts.

⁴ Accordingly, the Court need not address Respondent's other arguments for dismissal.

## II. Discussion

Generally, a state prisoner seeking to challenge his state court conviction in federal court must file a petition for habeas relief within one year after the state "judgment of conviction becomes final" by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).[5]

On July 20, 2015, Sardin entered his unconditional guilty plea and the Washington County Circuit Court filed its Sentencing Order "of record."[6] Sardin had thirty days from that date, until August 19, 2015, to file a notice of appeal with the Arkansas Supreme Court.[7] When he did not file a notice of appeal, his state

---

[5] In some circumstances, the one-year limitations period begins to run later than the date the state judgment becomes final. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). While not specifically argued by Sardin, the Court has considered and rejects any contention that the limitations period might have started running later. In this case, the only arguably applicable alternative limitations period is found in § 2244(d)(1)(D), in which the triggering date for starting the one-year period is the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." For purposes of § 2244(d)(1)(D), the factual predicate of a claim is the equivalent of the "vital facts underlying those claims." *Martin v. Fayram*, 849 F.3d 691, 696 (8th Cir. 2017) (*quoting Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009)).

Sardin fails to allege facts sufficient to allow him to claim the benefit of this alternative limitations period. Sardin's "new evidence" argument, discussed *infra*, cannot be used to delay the accrual date because the vital facts underlying Sardin's allegations regarding search warrant deficiencies were known to him, or could have been, at the time of his plea.

[6] ECF No. 9-12; s*ee Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); Ark. Sup. Ct. Admin. Order No. 2(b)(2) (judgment, decree or order is "entered" when stamped or marked with the date and time and the word "filed").

[7] In *Camacho v. Hobbs*, 774 F.3d 931, 934 (8th Cir. 2015)*,* the Eighth Circuit acknowledged that, under Arkansas law, there is no general right to appeal an unconditional guilty plea. Nonetheless, the Court held, for purposes of triggering the habeas limitations period, a

4

judgment of conviction became "final" on that day for purposes of § 2244(d)(1)(A) and the one-year federal limitations period for filing a § 2254 habeas petition began to run. *See Gordon v. Hobbs*, 823 F.3d 1188, 1193 (8th Cir. 2016) (one-year limitations period began to run 30 days after entry of state-court judgment on guilty plea).

The one-year deadline for Sardin to seek federal habeas relief expired on August 19, 2016. Because Sardin waited until June 12, 2017 to initiate this action, his habeas Petition is barred by the one-year statute of limitations unless the Court determines that statutory or equitable tolling applies.

### A. Statutory Tolling

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). However, Sardin's filings in state court, one of which was treated as a Rule 37 motion, had no tolling effect because they both were filed *after* the statute of limitations had already run. *See Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitation for filing a federal habeas action "cannot be tolled after it expires"). Thus, no basis exists for applying statutory tolling.

---

defendant who pleads guilty is entitled to the thirty days in which he could have, but did not, file a notice of appeal.

### B. Equitable Tolling

The United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar. Accordingly, it may be subject to equitable tolling *if* a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

First, Sardin has not demonstrated that he pursued his federal rights diligently. Sardin offers no explanation for his failure to initiate this federal action before August 19, 2016. Nor does he explain why he waited almost ten months after the limitations period expired to seek federal habeas relief. Thus, Sardin has failed to demonstrate that he exercised reasonable diligence sufficient to "toll the federal timing rules." *Gordon v. Arkansas*, 823 F.3d 1188 (8th Cir. 2016) ("the first question is whether Gordon has shown [the required] reasonable diligence to equitably toll the *federal timing rules* for filing his *federal habeas* petition - not his Rule 37 petition."); *see also Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (no diligence where petitioner did not file his federal habeas petition until nine months after the Arkansas Supreme Court denied rehearing in his Rule 37 proceeding).

Second, Sardin has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal

6

resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See*, *e.g.*, *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). By reserving equitable tolling to truly extraordinary circumstances, it provides Sardin with an "exceedingly narrow window of relief." *Shoemate*, 390 F.3d at 597.

Sardin's only argument to excuse his delay in initiating this action is his conclusory assertion "of newly discovered evidence that could not reasonably have been introduced in state court." *ECF No. 11 at 1*. This "new evidence" is based on the claim that: (1) the search warrant was "not filed for record;" and (2) the search warrant is dated July 21, 2010, while the affidavit for the warrant is dated July 22, 2014.[8] *ECF No. 1 at 5*. This is Sardin's *only* argument to save his untimely § 2254 habeas Petition.

First, as a threshold matter, Sardin has failed to present any facts to support his conclusory assertion that any "new evidence" exists. The fact that the search warrant and its supporting affidavit are not now in the record does not render those documents "new evidence."

---

[8] Sardin offers no facts to support the alleged discrepancies between the date of the search warrant and the date of the supporting affidavit.

Second, Sardin fails to explain what prevented him from raising any issues pertaining to the search warrant *before* he pled guilty. Sardin obviously knew about the execution of the search warrant, which resulted in the seizure of evidence the prosecution intended to use to prove his guilt at trial. He could have moved to suppress the evidence seized pursuant to the search warrant and litigated that issue in the trial court. Assuming he lost, he could have entered a conditional guilty plea and preserved for appeal the validity of the search warrant. Instead, the trial court record indicates that Sardin failed to raise any challenge to the search warrant that he claims was unconstitutional and should now be considered "new evidence."

Finally, when Sardin entered his guilty plea, he agreed in writing that he understood that: (1) he could *not* appeal and would not be able to withdraw his plea later on; and (2) he was waiving "any objections to or errors in this proceeding," *which included any challenge to evidence seized pursuant to a search warrant. ECF No. 9-11*, Plea Questionnaire. Thus, Sardin's unconditional guilty plea bars any challenge to the search warrant. *See*, *e.g., United States v. Freeman*, 625 F.3d 1049, 1052 (8th Cir.2010) ("A guilty plea waives all suppression issues not expressly reserved by a conditional plea."); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989) (by pleading guilty, a defendant waives a challenge to an unconstitutional search and seizure, the privilege against self-incrimination, and the prosecution's failure to disclose favorable evidence).

Given these facts, Sardin's "new evidence" argument cannot possibly rise to the level of the required "extraordinary circumstances" necessary to excuse his late filing. Accordingly, Sardin's request for a hearing to allow an inquiry into the issues surrounding his untimely request for federal habeas relief should be denied.[9]

C. **Actual Innocence**

Finally, liberally construing Sardin's arguments, the Court must consider whether his "new evidence" argument could entitle him to equitable relief from the limitations bar because he is "actually innocent." In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court explained that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations.[10] The Court cautioned that "tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he

---

[9] Sardin also argues he is entitled to such a hearing based on *Townsend v. Sain*, 372 U.S. 293 (1963). His reliance on *Townsend* is misplaced. The *Townsend* decision was superseded by AEDPA, which applies to all habeas petitions filed after its effective date of April 24, 1996. Under § 2254(e)(2), "a habeas court is barred from holding an evidentiary hearing unless the petitioner was diligent in his attempt to develop a factual basis for his claim in the state court proceedings[.]" *Palmer v. Hendricks*, 592 F.3d 386, 392 (3rd Cir. 2010); *see also* Adv. Comm. Notes to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts (suggesting that *Townsend* continues to apply where not superseded by § 2254(e)(2)). However, when a petitioner files his habeas claim too late, as Sardin has, and no tolling theory applies, there is no arguable basis for an evidentiary hearing. In other words, the same reasons that make him ineligible for equitable tolling of the limitations period also make him ineligible for an evidentiary hearing under § 2254(e)(2)(A)(ii).

[10] *McQuiggin* analyzed actual innocence as an "equitable exception" overriding the statute of limitations, rather than an extension of the limitations period through equitable tolling. *McQuiggin*, 133 S.Ct. at 1931.

9

persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)).

The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324. The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

Sardin presents *no new evidence of innocence*. At best, he raises only speculation and conjecture regarding a search warrant that had no bearing on the outcome of the underlying case because Sardin chose to enter an unconditional guilty plea. Thus, because Sardin's argument is not based on any "new evidence," it is insufficient to bring him within the narrow definition of actual innocence. *Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("Actual innocence means factual innocence, not mere legal insufficiency.") (internal quotations and alterations

omitted); *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) ("in non-capital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime."). Having failed to meet the demanding actual-innocence standard, Sardin is not entitled to relief from the limitations bar under that theory.

### III. Conclusion

Because all of Sardin's habeas claims are time-barred,

IT IS THEREFORE RECOMMENDED THAT:

1. The 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *ECF No. 1*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2. A Certificate of Appealability be DENIED. See 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 14th day of November 2017.

_____
UNITED STATES MAGISTRATE JUDGE